# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
(Kansas City Division)

| | | |
|---|---|---|
| Kyomi Baker, | ) | |
| Pro Se Plaintiff, | ) | Case No. _2:25-cv-02666-JWB-ADM_ |
| | ) | |
| v. | ) | |
| TransAm Trucking, Inc., | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. Parties

1. Plaintiff Kyomi Baker is an individual residing in Overland Park, Kansas.

2. Defendant TransAm Trucking, Inc. is a Kansas corporation with its principal place of business in Olathe, Kansas, and operates within the District of Kansas.

### II. Jurisdiction and Venue

3. This Court has jurisdiction under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331 because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the unlawful employment practices occurred in Olathe, Kansas, and the Defendant conducts business within this District.

1

## III. Exhaustion of Administrative Remedies

5. On or about November 14, 2023, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), Charge No. 563-2023-01705, alleging discrimination and retaliation on the basis of race and sex.

6. The EEOC issued a Dismissal and Notice of Right to Sue dated August 1, 2025, and Plaintiff received the Notice on August 14, 2025.

7. This Complaint is timely filed within ninety (90) days of Plaintiff's receipt of the Right-to-Sue letter, as required by 42 U.S.C. § 2000e-5(f)(1).

8. Under Title VII, the ninety-day statute of limitations begins on the date the claimant actually receives the Notice of Right to Sue. Because Plaintiff did not receive her Notice until August 14, 2025—thirteen days after it was issued—her ninety-day filing period began on August 14, 2025. This action is therefore filed well within the statute of limitations and is timely.

9. Plaintiff has therefore exhausted all administrative remedies and is entitled to bring this action before the United States District Court for the District of Kansas.

## IV. Statement of Claim / Facts of the Case

10. Plaintiff was hired by TransAm Trucking, Inc. in or about October 2022 as a Hostler (Spotter).

11. Plaintiff originally applied for the Shuttle Driver position and was told she would begin as a Hostler until a Shuttle position became available.

12. Plaintiff held a valid CDL and had prior professional truck-driving experience, making her fully qualified for the Shuttle Driver role.

13. Plaintiff began experiencing increasing stress due to equipment malfunctions, inconsistent communication from dispatch, and a hostile work environment.

14. Plaintiff informed her supervisor, Rob, that she was experiencing physical and mental strain and asked to be moved into the Shuttle position, which better aligned with her qualifications.

15. After requesting this transfer, Plaintiff began experiencing increased scrutiny and negative treatment.

**Evidence from Exhibits:**

- Plaintiff preserved text messages to her supervisor reporting broken equipment, safety issues, hostile conduct from coworkers, and repeated failure of management to address these concerns.

- Plaintiff's messages show she was cooperative, proactive, and committed to performing her job safely and professionally.

- Plaintiff's written requests show she attempted to resolve workplace issues and request transfer to the Shuttle position for safety and well-being.

16. On or about February 22, 2023, Plaintiff was called into a meeting and presented with four disciplinary forms simultaneously, despite never having been previously warned.

17. Plaintiff was required to sign the forms under threat of termination and was denied copies by her supervisor and HR Manager Marya Jones.

18. Plaintiff also observed that male employees received overtime and opportunities she was denied, despite her repeated requests.

19. On March 3, 2023, Plaintiff was approached by a white male coworker in a hostile and aggressive manner. Plaintiff immediately reported the incident to her supervisor.

**Additional Evidence:**

- Plaintiff had previously reported another male coworker for calling her a "dumb ass bitch," which management failed to properly address.

- Plaintiff documented repeated issues, including harassment, unsafe equipment, broken trailer doors, and miscommunication from dispatch, yet management failed to correct the issues.

20. Shortly after this incident, another coworker confronted Plaintiff aggressively at her work vehicle. Plaintiff rolled up her window to disengage and protect herself.

21. After completing her overnight shift, Plaintiff went home. Later that day, HR Manager Marya Jones called and informed Plaintiff she was terminated immediately based on the coworker's accusation.

22. Plaintiff denies cursing or acting aggressively, explaining that she disengaged due to escalating hostility and safety concerns.

23. Plaintiff's termination occurred shortly after reporting coworker harassment, requesting transfer, requesting overtime, and reporting unsafe conditions—all protected activities under Title VII.

24. Plaintiff believes she was targeted, disciplined, and terminated because of her race and sex, and in retaliation for asserting her rights.

25. TransAm's workplace was male-dominated, and Plaintiff observed that similarly situated male employees received leniency, overtime, and advancement opportunities she was denied.

26. Defendant's failure to investigate, fabrication of disciplinary records, and abrupt termination demonstrate discriminatory and retaliatory motives.

## V. Causes of Action

### Count I
### Race Discrimination
### (42 U.S.C. § 2000e-2(a))

27. Defendant subjected Plaintiff to unequal treatment, denied her overtime, and terminated her because of her race.

### Count II
### Sex Discrimination
### (42 U.S.C. § 2000e-2(a))

28. Defendant treated Plaintiff less favorably than male employees, denied her advancement opportunities, and relied on false disciplinary accusations based on sex.

### Count III
### Retaliation
### (42 U.S.C. § 2000e-3(a))

29. After Plaintiff reported harassment, unsafe conditions, and requested a transfer, Defendant retaliated by issuing fabricated disciplinary actions and terminating her

employment.

38. a. Award back pay and lost employment benefits;

b. Order reinstatement or, in the alternative, front pay;

c. Award compensatory damages for emotional distress and other non-economic loss;

d. Award punitive damages for willful and malicious discrimination;

e. Award compensatory and punitive damages in an amount to be determined by the jury, but believed to exceed $75,000;

f. Award costs and reasonable attorney's fees should counsel be appointed; and

g. Grant such other and further relief as the Court deems just and proper.

## VII. Jury Demand

39. Plaintiff demands a trial by jury on all issues so triable under Rule 38(b) of the Federal Rules of Civil Procedure.

**Respectfully submitted,**

<u>**/s/: K. Baker**</u>
**Plaintiff, Pro Se**
**Kyomi Baker**
**P.O. Box 4043**
**Overland Park, KS 66204**

**Date: November 12, 2025**