IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYOMI BAKER,

        Plaintiff,

v.                                    Case No.  25-2666-JWB

TRANSAM TRUCKING, INC.,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss.  (Doc. 7.)  The motion is fully briefed and ripe for decision.  (Docs. 8, 10, 11.)  The motion is GRANTED for the reasons stated herein.

## I.    Facts

The following facts are taken from Plaintiff's complaint.  (Doc. 1.)  The court assumes their truth for the purposes of this order.  Plaintiff Kyomi Baker ("Plaintiff" or "Ms. Baker") is a resident of Overland Park, Kansas, and former employee of Defendant TransAm Trucking ("Defendant" or "TransAm").  (Doc. 1 at 1, 3.)  Defendant hired Plaintiff in October 2022 as a "Spotter."  (*Id.* at 3.)  Plaintiff had applied for a "Shuttle Driver" position but was given the "Spotter" job until a shuttle driver position became available.  (*Id.*)

During her time at TransAm, Plaintiff "began experiencing increasing stress due to equipment malfunctions, inconsistent communication from dispatch, and a hostile work environment."  (*Id.*)  She told her supervisor and explained that she was suffering "physical and mental strain" and asked to be moved to a shuttle driver position.  (*Id.*)  After this request, "Plaintiff began experiencing increased scrutiny and negative treatment."  (*Id.*)  Attached to her complaint,

1

and summarized within it, are numerous exhibits, mostly emails and text messages recorded within emails, that purportedly show Plaintiff's reports to her supervisor about issues on the job site and her attempts to professionally resolve those issues.  (*Id.* at 4.)

On February 22, 2023, TransAm supervisors called Plaintiff into a meeting and "presented [her] with four disciplinary forms simultaneously, despite never having been previously warned." (*Id.*)  Plaintiff was "required to sign the forms under threat of termination."  (*Id.*)  Plaintiff was not given copies of these forms.  (*Id.*)  Around this time, Plaintiff "observed that male employees received overtime and opportunities she was denied, despite her repeated requests."  (*Id.*)

On March 3, 2023, "Plaintiff was approached by a white male coworker in a hostile and aggressive manner."  (*Id.*)  Plaintiff reported the incident.  (*Id.*)  Previously, Plaintiff reported a different coworker "for calling her a 'dumb ass bitch,' which management failed to properly address."  (*Id.* at 5.)  Management also failed to correct other issues.  (*Id.*)  Sometime "shortly after" the March 3, 2023, confrontation, "another coworker confronted Plaintiff aggressively at her work vehicle."  (*Id.*)  "Plaintiff rolled up her window to disengage and protect herself."  (*Id.*) After that shift ended, "Plaintiff went home."  (*Id.*)  A TransAm HR manager called later that same day and terminated Plaintiff "based on the coworker's accusation."  (*Id.*)  "Plaintiff denies cursing or acting aggressively" and instead tells the court "that she disengaged due to escalating hostility and safety concerns."  (*Id.*)

Plaintiff asserts that her termination came after protected activities within the meaning of Title VII.  (*Id.*)  She "believes she was targeted, disciplined, and terminated because of her race and sex, and in retaliation for asserting her rights."  (*Id.*)  According to Plaintiff, the TransAm workforce was heavily male and "similarly situated male employees received leniency, overtime, and advancement opportunities [Plaintiff] was denied."  (*Id.* at 6.)  Additionally, Plaintiff claims

that TransAm's "failure to investigate, fabrication of disciplinary records, and abrupt termination demonstrate discriminatory and retaliatory motives." (*Id.*)

For this conduct, Plaintiff initiated this lawsuit on November 12, 2025, and raises three counts: (1) race discrimination under Title VII of the Civil Rights Act of 1964; (2) sex discrimination under Title VII; and (3) retaliation. (*Id.*) She seeks (1) an award of back pay and lost employment benefits; (2) an order of reinstatement, "or, in the alternative, front pay"; (3) compensatory damages; (4) punitive damages; and (5) costs and attorney's fees. (*Id.* at 7.)

Defendant TransAm has moved to dismiss the entire complaint for failure to state a claim primarily, because it believes that Plaintiff failed to timely administratively exhaust her claims, and therefore the claims cannot survive in court. (Doc. 7 at 1.) The court addresses the parties' arguments below.

## II.   Standard

To withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007). Given Plaintiff's pro se status, the court construes her pleadings liberally, but it cannot act as her advocate or construct arguments on his behalf. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

## III.   Analysis

3

Litigants who seek to raise Title VII claims must exhaust those claims with the Equal Opportunity Commission ("EEOC") prior to filing a lawsuit in federal court. *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997). Aggrieved employees have 300 days after the unlawful conduct occurs to file a charge with the EEOC. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 104-05 (2002) ("Section 2000e–5(e)(1) requires that a Title VII plaintiff file a charge with the Equal Employment Opportunity Commission (EEOC) either 180 or 300 days 'after the alleged unlawful employment practice occurred.'"). In limited circumstances, this deadline can be equitably tolled by courts. *Al-Ali v. Salt Lake Cmty. College*, 269 F. App'x 842, 847 (10th Cir. 2008) ("This Circuit has generally recognized equitable tolling of Title VII periods of limitation only if circumstances rise to the level of active deception which might invoke the powers of equity to toll the limitations period.") (quoting *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (internal quotation marks omitted)). "Equitable tolling may be appropriate where a plaintiff has been lulled into inaction by an employer's 'deliberate design ... or actions that the employer should unmistakably have understood would cause the employee to delay filing his charge.'" *Id.* (quoting *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). This relief is granted "sparingly." *Id.* (quoting *Montoya*, 296 F.3d at 957.)

Here, Defendant contends that Plaintiff failed to file her EEOC charge within the 300-day window provided by the statute. (Doc. 8 at 4-5.) According to Plaintiff's charge,[1] she was terminated on March 5, 2023. (Doc. 1-2 at 2.) While in her complaint she claims she filed her charge on November 14, 2023,[2] the date on her charge is January 26, 2024. (*Id.* at 1.) The period

---

[1] The court can consider Plaintiff's charge of discrimination and her attached correspondence with the EEOC at this stage. *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253-54 (10th Cir. 2005) ("We have recognized however, that a document central to the plaintiff's claim and referred to in the complaint may be considered in resolving a motion to dismiss, at least where the document's authenticity is not in dispute.").

[2] November 14, 2023, appears to be the day that the EEOC sent a *draft* charge to Plaintiff, but this does not constitute the filing of a charge particularly when Plaintiff was informed that she needed to sign and return the charge. (Doc. 1-2 at 9.)

4

between March 5, 2023, and January 26, 2024, is 327 days.  In response to Defendant's motion, Plaintiff does not deny this. (Doc. 10-1 at 3-4.)  Instead, she says the argument "fails procedurally" because the limitations period is "not jurisdictional" and "subject to equitable tolling."  (*Id.* at 4.) Plaintiff is correct that the charge filing requirement is not jurisdictional, and as explained above, subject to equitable tolling.  *Fort Bend Cty., Texas v. Davis*, 587 U.S. 541, 543-44 (2019). That said, Plaintiff is incorrect that exhaustion timeliness arguments cannot be raised at the motion to dismiss stage.  *See Clark v. 10 Rds. Express, L.L.C.*, No. 22-CV-2365-EFM, 2023 WL 2868168, at *2 (D. Kan. Apr. 10, 2023) ("Although failure to timely file a charge is not a jurisdictional bar to courts hearing a plaintiff's claims, a defendant may raise failure to exhaust administrative remedies as an affirmative defense."); *Kincaid v. Unified School Dist. No. 500, Kansas City, Kansas*, 572 F. Supp. 3d 1081, 1096-97 (D. Kan. 2021).

Still, Plaintiff claims she is entitled to equitable tolling because "she relied on the EEOC's guidance, that her charge was accepted, and that the EEOC conducted an investigation."  (Doc. 10-1 at 4.) (citing *Montoya*, 296 F.3d at 957-58).  The court disagrees.  Plaintiff's complaint does not contain any allegation that she was "lulled into inaction" by Defendant or that any other action Defendant took delayed Plaintiff's filing of the charge.  *Al-Ali*, 269 F. App'x at 847.  Even looking through the attachments to Plaintiff's complaint on its own initiative, the court finds no evidence of such malfeasance by Plaintiff's employer or the EEOC.

Defendant also directs the court to portions of the communications attached to Plaintiff's complaint and these communications confirm that Plaintiff's charge was not timely filed.  For one, on November 14, 2023, an EEOC "Enforcement Investigator" sent Plaintiff a "draft charge" and said "[y]ou will have to print it and sign it and email it back to me. *Your deadline to file is December 20, 2023*."  (Doc. 1-2 at 9) (emphasis added).  Plaintiff responded, "[t]hank you!" the

same day. (*Id.*)  Between November 14, 2023, and January 2024, Plaintiff and the Enforcement Investigator engaged in communications about the substance of Plaintiff's charge including Plaintiff's concern about things being "left out" of her charge. (*Id.* at 3, 4.)  Particularly on November 15, 2023, Plaintiff said "The information that is provided in the document that I am supposed to sign is incorrect." (*Id.* at 4.)  This indicates Plaintiff did not sign the draft charge that was sent on November 14, 2023. *See* (*id.*)  Plaintiff also informed the EEOC she was planning a funeral and would later email with more information to include in a new draft charge. (*Id.*)  It appears that Plaintiff sent this additional information on December 17, 2023. (*Id.* at 3.)  The next email provided by Plaintiff is from January 19, 2024, at 1:54PM, where she wrote to the EEOC investigator saying "the charge you wanted me to sign did not have all of the information.  Yes, I want it filed that is why I sent it back on December 17, 2024." [3]  (Doc. 1-2 at 3.)  This message indicates that Plaintiff did not in fact sign the charge that was sent on December 17, 2023.  A little later that same day (January 19, 2024), the Enforcement Investigator responded, explaining she had reviewed previous correspondence between herself and Plaintiff and then she referenced a prior email that said:

> I have attached your draft charge. You will have to print it and sign it and email it back to me. Your deadline to file is December 20, 2023.
>
> I do have listed the information noted in the email. Per our conversation, we discuss EEOC, you have the right to file a charge; however it is unlikely that further investigation would result in cause finding. You elected that you wanted to file a Charge of Discrimination. Your date of harm listed on our EEOC inquiry was date for February 22, 2023. EEOC can only go back 300 days, and I have calculated the correct date and your deadline to file was December 19, 2023. You can still file a charge; the deadline to file was December 19, 2023.
>
> Do you want to file a charge? I can open your inquiry and send you the draft for you to review and sign.

---

[3] Plaintiff says December 2024, but given that the email was sent in January 2024, the court assumes she means December 2023.  (Doc. 1-2 at 3.)

6

(Doc. 1-2 at 7.)  It does not appear that Plaintiff ever responded to this email that the Enforcement Investigator references in her January 19, 2024, correspondence.  (*See id.*)  Instead, Plaintiff responded to the Enforcement Investigator's January 19, 2024, email saying she "would like to file a charge."  (*Id.* at 8.)  This timeline is consistent given that the only charge attached by Plaintiff to her complaint is dated January 26, 2024.  This places the charge outside the 300-day filing window.  Accordingly, Plaintiff's charge was untimely, there are no grounds for equitable tolling of the deadline, and her claims must be dismissed for failure to exhaust.  *Montoya*, 296 F.3d at 958 ("To the contrary, the instant case is precisely the type of 'garden variety claim of excusable neglect' that the Supreme Court deemed unworthy of meriting equitable tolling[.]") (quoting *Irwin v. Dep't of Veterans Aff.,* 498 U.S. 89, 96 (1990)).

## IV.    Conclusion

As Plaintiff's claims relate to actions that occurred more than 300 days ago, any refiling of an EEOC charge would be fruitless.  *See Liggins v. G.A. & F.C. Wagman, Inc.*, No. 18-CV-72, 2019 WL 4039637, at *3 (W.D. Va. Aug. 27, 2019) ("However, if the plaintiff cannot exhaust his administrative remedies—for example, if he is time-barred from filing an EEOC charge— dismissal without prejudice would be futile, and the court may dismiss the claim with prejudice.") (comparing *Lebron-Rios v. United States Marshal Serv.*, 341 F.3d 7, 14-15 (1st Cir. 2003) and *Robinette v. Union Hosp.*, No. 17-3471, 2018 WL 2106403, at *2 (6th Cir. Mar. 22, 2018) with *Williams v. West*, 135 F.3d 128 (5th Cir. 1998)).  Therefore, the court's dismissal is with prejudice. For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  (Doc. 7.)

IT IS SO ORDERED.  Dated this 15th day of April, 2026.

s/John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE