IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KYOMI BAKER,

       Plaintiff,

v.                                       Case No.  25-2666-JWB

TRANSAM TRUCKING, INC.,

       Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for reconsideration under Fed. R. Civ. P. 59(e) (Doc. 14) of this court's April 15, 2026, order dismissing her complaint.  (Doc. 12.) Plaintiff has filed her motion and "supplemental briefing in support" of her motion.  (Docs. 14, 15.)  While a response and reply to such a motion are not required in the District of Kansas, *see* D. Kan. R. 6.1(d)(3), the parties have filed such briefs.  (Docs. 17, 18.)  Additionally, due to new arguments raised in Plaintiff's reply brief, Defendant requested leave to file a sur-reply.  (Doc. 19.) Plaintiff, albeit out of time, opposed that request.  (Doc. 20.)  Plaintiff's motion for extension of time to respond to Defendant's request to file a sur-reply is GRANTED.  (*Id.*)  Still, Defendant's motion for leave to file a sur-reply is GRANTED.  (Doc. 19.)  The court has considered the short sur-reply attached to Defendant's motion.  (Doc. 19-1.)  After careful consideration of the parties' arguments, Plaintiff's motion for reconsideration is DENIED.

## I.     Facts

The court has already provided a detailed synopsis of the facts contained within Plaintiff's complaint in its prior order.  (Doc. 12 at 1–3.)  It declines to recite those facts in detail again here.

1

To the extent reference to the facts in Plaintiff's complaint is necessary to resolve the instant motion for reconsideration, the court will discuss them in its analysis.

The essential background is that Plaintiff initiated this lawsuit on November 12, 2025, to lodge Title VII complaints of retaliation and discrimination on the basis of race and sex against her former employer TransAm Trucking. (*Id.* at 3.) Prior to filing a lawsuit in federal court, litigants must file an administrative charge with the Equal Opportunity Employment Commission ("EEOC"). (*Id.* at 4.) Plaintiff failed to file her charge within the 300-day window afforded by statute. (*Id.* at 7.) As Plaintiff was terminated on March 5, 2023, and her charge filed on January 26, 2024, this renders her charge 27 days too late. (Doc. 1-2 at 2; Doc. 12 at 4–5.) For this reason, the court dismissed her claims for failure to exhaust. Additionally, because all of Plaintiff's claims related to conduct occurring more than 300 days prior, the court dismissed the case with prejudice, as the 300-day time limit would preclude Plaintiff from filing a new charge with the EEOC and properly exhausting her administrative remedies. (*Id.*) In its order, the court also considered, and rejected, Plaintiff's arguments that the filing deadline should be equitably tolled. (*Id.* at 5–7.)

Now, Plaintiff has filed a motion for reconsideration where she asks the court to reconsider its decision. (Doc. 14.) Plaintiff raises several arguments and submits new evidence that she contends warrants vacatur of this court's dismissal order and reinstatement of her case. (*Id.* at 6.) As explained below, the court declines to do so.

## II.    Standard

Rule 59(e) permits a party to request reconsideration of a final judgment. "Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Lenexa 95 Partners, LLC v. Kin, Inc.*, 2023 WL 171925, at *1 (D.

2

Kan.) (citation omitted), *appeal dismissed*, 2023 WL 5608807 (10th Cir. Apr. 27, 2023). Plaintiff moves for reconsideration under the third prong. (Doc. 23 at 1.)

A Rule 59(e) motion "allows a party to reargue previously articulated positions to correct clear legal error." *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1005 (10th Cir. 2017). But after entry of judgment the public "gains a strong interest in protecting the finality of judgments." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019). Moreover, Rule 59(e) motions are "not appropriate [vehicles] to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (quotation omitted). In other words, Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of the judgment." *Nelson*, 921 F.3d at 929 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). Finally, a district court has discretion when deciding a motion to reconsider. *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

## III.    Analysis

Plaintiff raises a series of arguments in support of reconsideration. (*See generally* Doc. 14.) Principally though, her arguments fall into two categories: (1) factual circumstances warrant equitable tolling of the EEOC's 300-day filing deadline; and (2) the court's dismissal with prejudice was improper. (*Id.* at 4–6; Doc. 15 at 1–4.) The court will deal with these arguments in turn.

First, however, the court addresses a threshold question prompted by Plaintiff's "supplemental briefing in support" of her motion for reconsideration. (Doc. 15.) In her supplemental brief, Plaintiff informs the court she located "[n]ewly [d]iscovered [e]vidence" in

her email that was "not reasonably available earlier." (*Id.* at 2.) Plaintiff's new evidence is an email she received on March 29, 2023, nearly ten months before she filed her EEOC charge. (Doc. 15-1.) Plaintiff indicates that she "thereafter lost access to the EEOC portal and relied primarily on communications from EEOC personnel regarding status, deadlines, and next steps." (Doc. 14 at 2.) The March 2023 email indicates Plaintiff had "recently" submitted an inquiry to the EEOC. (Doc. 15-1 at 2.) It notes that Plaintiff had not yet scheduled an interview with an EEOC staff member to discuss her claim. (*Id.*) According to the email, such an interview is required. (*Id.*) The email also requested Plaintiff provide further information about her claim, in advance of her interview. (*Id.*) Halfway through the email, in bold, capitalized font, the language reads: "ANSWERING THESE QUESTIONS IS NOT THE SAME AS FILING A CHARGE OF DISCRIMINATION." (*Id.*) Immediately following this sentence, the email reads:

> A charge of discrimination is a signed statement asserting that an organization engaged in employment discrimination. It requests EEOC to take remedial action. The laws enforced by EEOC, except the Equal Pay Act *require* you to file a charge before you can file a lawsuit for unlawful discrimination. *There are strict time limits for filing a charge*.

(*Id.*) (emphasis added). Plaintiff explains that this email shows that her inquiry "was initiated only twenty-four days after termination." (Doc. 15 at 2.) She appears to believe that this constitutes evidence of the filing of an administrative charge. (*See id.* at 3.) Were she correct, her charge would be timely as the inquiry was opened well within the 300-day window.

The trouble with Plaintiff's argument is that the mere opening of an inquiry with the EEOC does *not* constitute the filing of an administrative charge.[1] *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1183–84 (10th Cir. 2007), *abrogated on other grounds by Lincoln v. BNSF Railway Co.*, 900 F.3d 1166 (10th Cir. 2018) (explaining that 42 U.S.C. § 2000e-5(b) enables the EEOC to dictate the form and requirements of a charge of discrimination and compliance with those substantive requirements is what constitutes filing a charge). While Plaintiff may have had "intent to activate the administrative process" she did not complete the EEOC's regulatory requirements for filing prior to January 26, 2024. *Id.* at 1184 (citing 42 U.S.C. § 2000e-5(b) for the requirement that charges be "in writing under oath or affirmation" and 29 C.F.R. §§ 1601.9, 1601.12 for the requirement that the charge contain "particular information" and be "written, signed, and verified[.]"). As highlighted above, this is confirmed by the very email that Plaintiff uses to support her motion for reconsideration. (*See* Doc. 15-1.)

Because Plaintiff's charge is, even considering the new evidence she submits, untimely, the court moves to the equitable tolling arguments raised by Plaintiff.

### A.    Equitable Tolling

---

[1] Plaintiff's reliance in her reply brief on *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008) does not help her. That case arises in the Age Discrimination in Employment Act ("ADEA") context, which while administered by the EEOC, the Court noted "[a]s a cautionary preface, [] the EEOC enforcement mechanisms and statutory waiting periods for ADEA claims differ in some respects from those pertaining to other statutes the EEOC enforces[.]" *Id.* at 393. The Court's holding was specifically based on a different statute (the ADEA) and EEOC regulations arising thereunder. *Id.* at 395–404. Of note here, "[o]ne key difference between charges filed in Title VII and ADEA cases is the requirement of verification. 'Unlike Title VII …, which requires a charge be "in writing under oath or affirmation," the ADEA does not require a charge to be signed and verified.'" *Sheridan v. Unifi Aviation, L.L.C.*, 23-CV-444-SH, 2024 WL 2864032, at *5 (N.D. Okla. Jun. 6, 2024) (quoting *Hampton v. Utah Transit Auth.*, No. 16-CV-1282, 2017 WL 3972488, at *3 (D. Utah Sep. 7, 2017); *see also Martin v. Pub. Serv. Co. of Colorado*, No. 21-1354, 2022 WL 2977085, at *3, n. 4 (10th Cir. Jul. 28, 2022). Here, nothing Plaintiff has presented to the court, including her draft charges or emails with the EEOC, indicates that she complied with this requirement prior to January 26, 2024.

Plaintiff previously raised the specter of equitable tolling in her response to Defendant's motion to dismiss.[2] (Doc. 10 at 4.)  In its prior order the court declined to equitably toll the EEOC's 300-day filing deadline because precedent dictates that circumstances warranting tolling are limited.  (Doc. 12 at 4–7) (citing *Al-Ali v. Salt Lake Cmty. College*, 269 F. App'x 842, 847 (10th Cir. 2008)).   As this court has already explained, tolling is only permissible when the "circumstances rise to the level of active deception which might invoke the powers of equity to toll the limitations period." *Al-Ali*, 269 F. App'x at 847 (quoting *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)).  This relief is only granted "*sparingly*" and "*may* be appropriate where a plaintiff has been lulled into inaction by an employer's [or a federal agency's] 'deliberate design … or actions that the employer should unmistakably have understood would cause the employee to delay filing the charge.'" *Id.* (quoting *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1997) and *Montoya*, 296 F.3d at 957) (omission in original) (modification and emphasis added).  *See also Panicker v. Compass Group U.S.A., Inc.*, 712 F. App'x 784, 787 (10th Cir. 2017).

The Tenth Circuit has reiterated this standard in an unbroken drumbeat.  *See Edmonds-Radford v. Southwest Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021); *Benton v. Town of South Fork and Police Dep't*, 553 F. App'x 772, 779–80 (10th Cir. 2014); *Dumas v. Proctor and Gamble Mfg. Co.*, 453 F. App'x. 819, 820–21 (10th Cir. 2011); *Castaldo v. Denver Pub. Schools*, 276 F. App'x 839, 842 (10th Cir. 2008); *Godwin v. Southwest Rsch. Inst.*, 237 F. App'x 306, 307–08 (10th Cir. 2007); *McIntire v. Tulsa Cty. Sheriff*, 121 F. App'x 295, 299–301 (10th Cir. 2005).  One

---

[2] The court notes that Plaintiff now appears to disclaim equitable tolling, as she argues in her reply brief that the requirement that she is "lulled into inaction", *Al-Ali*, 269 F. App'x at 847, is inapplicable to the relation back doctrine and is instead an element of equitable estoppel.  (Doc. 18 at 2.)  She points to 29 C.F.R. § 1601.12(b) which provides that "A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." This "relat[ion] back" applies to amendments to existing charges, but as discussed above, Plaintiff did not properly file a timely charge, so this provision is inapplicable.

reason for the circuit's consistency is *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), a Supreme Court case that altered how courts interpret the law governing EEOC charges. As part of its opinion, the Supreme Court admonished with respect to equitable tolling, "[c]ourts may evaluate whether it would be proper to apply such doctrines, although they are to be applied sparingly." *Id.* at 113 (citing *Baldwin Cty. Welcome Center v. Brown*, 466 U.S. 147, 152 (1984) (per curiam) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.")). *See also Irwin v. Dep't of Veterans Aff.*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly.").

With this legal backdrop, Plaintiff's new arguments for equitable tolling must be rejected. She first claims that the administrative record reflects that she "did not sleep on her rights or abandon the administrative process." (Doc. 14 at 4.) This may be true, but by itself it is insufficient for this court to equitably toll the filing period. *See Odunze v. Effect*, 24-CV-341-DBB, 2026 WL 867664, at \*8 (D. Utah Mar. 30, 2026).

Second, Plaintiff argues that the court, in its prior order, did not consider conflicting deadlines the EEOC staff member gave to Plaintiff. (*Id.* at 4–5.) This is immaterial, however, because the conflicting deadlines varied by only one day and Plaintiff did not comply with filing by either of the dates provided. The staff member gave deadlines of December 19, 2023, and December 20, 2023. (Doc. 1-2 at 7, 9.) Plaintiff's charge was filed on January 26, 2024, so she did not comply, or even come close to complying with either one of the stated deadlines. (*Id.* at 1.) The fact that after these deadlines passed the EEOC staff member informed Plaintiff she could still file a charge is also irrelevant, as the late filing of a charge does not bar the issuance of a right-to-sue letter. *See* 29 C.F.R. § 1601.18 (a)–(b) (explaining that when a charge is not timely filed

the EEOC will dismiss the charge, and when charges are dismissed, the EEOC shall provide the claimant with a notice of their right to sue in federal court).

Third, Plaintiff asserts that at least part of the reason for the delay was because the "EEOC-prepared draft charge omitted or misstated material allegations." (Doc. 14 at 5.)  Plaintiff claims she "promptly objected and sought corrections before signing under penalty of perjury." (*Id.*)  But Plaintiff did not provide corrections until a month after receiving the draft charge.  (*Id.* at 2.)  Moreover, Plaintiff was under no obligation to have the EEOC fill out the charge for her, she could have filled it out, or made the additions and modifications to the EEOC's draft, herself.

Plaintiff's final argument is that "[d]uring the critical filing period, Plaintiff experienced the death of her son."  (Doc. 14 at 5.)   While the court is extremely sympathetic to this circumstance, it cannot overcome the narrow limitations placed on equitable tolling.  As explained above, equitable tolling requires the Plaintiff to have been "lulled" into failing to file by either the EEOC or her employer.  *Al-Ali*, 269 F. App'x at 847.  There is no evidence of that here.  Plaintiff had 300 days to file a charge, and while the court recognizes the immense hardship of losing her son, it cannot toll the statutory deadline.

### B.    Dismissal with Prejudice

Plaintiff's last argument in her motion for reconsideration is that the court's "[d]ismissal [w]ith [p]rejudice [w]as [u]nduly [h]arsh." (Doc. 14 at 6.)  She claims that "[d]ismissal with prejudice imposes the most severe procedural consequence without adjudication of the merits." (*Id.*)  In lieu of "reopen[ing] the case" Plaintiff asks in the alternative that the court amend the dismissal to without prejudice.  (*Id.*)  This the court will not do.

The court's dismissal with prejudice is not "harsh" in the sense of imposing a sanction on Plaintiff.  Nor is it a "procedural consequence" that can be characterized as "severe" relative to

some other disposition the court could take. Dismissal with prejudice is simply logically compelled by the procedural posture of this case. *Federspill v. Denver Pub. Schools*, No. 17-CV-1480-WJM-STV, 2019 WL 13444880, at *3, n. 5 (D. Colo. Jan. 31, 2019), *report and recommendation adopted*, 2019 WL 13444881 (D. Colo. Mar. 1, 2019) ("Because Plaintiff's failure to exhaust does not bar this Court's jurisdiction, because any amendment by Plaintiff on the discrimination and retaliation claims would be futile as the adverse action did not occur within the 300 days preceding Plaintiff's EEOC charge, and because Plaintiff cannot go back in time to properly exhaust his retaliation and discrimination claims, the Court recommends dismissal of these claims with prejudice."). Plaintiff filed her charge on January 26, 2024, well outside of the 300-day limitation imposed by statute. (Doc. 1-2 at 1.) Plaintiff was terminated on March 5, 2023. (*Id.* at 3.) All of the conduct relevant to Plaintiff's claims occurred on or prior to March 5, 2023. Therefore, any refiling of a new administrative charge with the EEOC would *not* be timely, and Plaintiff's renewed claims in federal court on the basis of a new charge would still be untimely and therefore barred for failure to exhaust. Accordingly, dismissal with prejudice to refiling is the only appropriate disposition for this case. *Morgan v. Cmty. Against Violence*, No. 23-CV-353-WPJ, 2023 WL 6976510, at *3 (D.N.M. Oct. 23, 2023) ("Although usually dismissal without prejudice is appropriate, dismissal with prejudice is appropriate when a Plaintiff is unable to either exhaust administrative remedies or when amending the Complaint would be futile.").

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion to alter or amend the judgment and for reconsideration is DENIED. (Doc. 14.)

IT IS SO ORDERED.  Dated this 29th day of July, 2026.

s/ John W. Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE